# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BISCAYNE CONTRACTORS, INC.,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:14-mc-00284 |
| **JAMES REDDING,** | ) |
| Defendant. | ) |

## PLAINTIFF BISCAYNE CONTRACTOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT OF CONDEMNATION PURSUANT TO TITLE 16, § 526(b) D.C. CODE

Plaintiff Biscayne Contractors, Inc. ("Plaintiff") respectfully submits this memorandum of law in support of its motion for judgment of condemnation against garnishee Mohammed Abu-El-Hawa ("Abu-El-Hawa") pursuant to Title 16, § 526(b) of the D.C. Code.

## INTRODUCTION

Biscayne obtained a judgment against Defendant James Redding ("Defendant") in the U.S. District Court for the Eastern District of Virginia and such judgment was registered with this Court on March 18, 2014. *See* ECF No. 1. Thereafter, the Court issued a Charging Order as to the Defendant's interest in TBM Holdings, LLC on May 5, 2014. In furtherance of its judgment collection activities against Defendant, Biscayne served a subpoena to produce documents upon Abu-El-Hawa on September 15, 2014. Despite numerous attempts by counsel for the Plaintiff to communicate with Abu-El-Hawa, he failed to comply with his subpoena. This Court then granted Plaintiff's motion to compel Abu-El-Hawa to comply with his subpoena on March 31, 2015. *See* ECF No. 8.

{34212438;1}

Abu-El-Hawa has since partially complied with the Court's March 31 Order and produced a promissory note, dated March 31, 2014 (the "Note"). The Note is in the principal amount of $350,000.00 and lists Abu-El-Hawa as one of the makers and Defendant as the holder of the Note. Under the terms of the Note, and pursuant to the D.C. Code § 28:3-116, Abu-El-Hawa has joint and several liability to pay Defendant the full amount of the Note. Upon receiving the Note, Plaintiff caused to be issued a Writ of Attachment on Judgment Other Than Wages, Salary and Commissions by this Court on May 21, 2015 (the "Writ") to determine whether any amounts remained unpaid on the Note. Abu-El-Hawa failed to answer the interrogatories accompanying the Writ and has otherwise failed to provide Plaintiff any evidence that the Note is satisfied. Plaintiff is therefore entitled to a judgment of condemnation against garnishee Abu-El-Hawa in the amount of $350,000.00, in accordance with D.C. Code § 16-526(b).

**STATEMENT OF FACTS**

On May 5, 2014, this Court granted Plaintiff's Motion for Charging Order as to Defendant's interest in TBM Holdings, LLC. ECF No. 3. TBM Holdings, LLC was ordered to pay and/or deliver over to Plaintiff all present and future proceeds, distributions, drawings, payments, and property to which the Defendant may be entitled as a result of his interest in TBM Holdings, LLC until the judgment is satisfied in full. *Id.* This Court further ordered that the Charging Order against TBM Holdings, LLC constituted a lien on the Defendant's interests in TBM Holdings, LLC. *Id.* A copy of the Charging Order against TBM Holdings, LLC was mailed to the Defendant and filed with the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") on May 6, 2014, to place TBM Holdings, LLC, as well as its members, on notice of the Charging Order. (Declaration of John M. Neary in Support of

Plaintiff Biscayne Contractors Inc.'s Motion for Judgment of Condemnation Pursuant to Title 16, § 526(b) D.C. Code ("Decl."), Ex. A, Recordation Letter to DCRA of TBM Holdings, LLC Charging Order).[1]

Counsel for Plaintiff took the deposition of the Defendant in aid of judgment collection efforts on August 6, 2014. During the deposition the Defendant informed counsel for the Plaintiff, for the first time, that he was selling part of his interest in TBM Holdings, LLC to Abu-El-Hawa and Ahmad Ayyad ("Ayyad"). (Decl. Ex. B, Redding Tr. 21:17-24:14). A copy of the Charging Order against TBM Holdings, LLC was then mailed to Abu-El-Hawa and Ayyad at their personal addresses on August 8, 2014. (Decl. ¶ 7-8). Thus, Abu-El-Hawa and Ayyad were on notice of Plaintiff's Charging Order as to the Defendant's interest in TBM Holdings, LLC, through the recording of the Charging Order with the District of Columbia Department of Regulatory Affairs on May 6, 2014, as well as the mailing of it to them at their personal addresses.

In response to this Court's Order compelling Abu-El-Hawa to comply with the September 15, 2014 subpoena to him, Abu-El-Hawa produced to Plaintiff, on or about May 20, 2015, a copy of the Note. Such Note is in the principal amount of $350,000.00 and is dated March 31, 2014. (Decl. Ex. D, Note). Abu-El-Hawa is listed as one of the makers on the note and Redding is listed as the holder of the Note. (*Id.*). The Note provides, in pertinent part:

> FOR VALUE RECEIVED, **Ahmad Ayyad and Mohammed Abu-El-Hawa** (the "Makers") promises to pay to the order of **James T. Redding** (the "Holder"), at 3510 Dumphries Drive, Reisterstown, MD 21136 or at such other place as the Holder may from time to time designate, the principal amount of **Three Hundred**

---

[1] The DCRA, and specifically the DCRA Superintendent of Corporations, is tasked with maintaining all limited liability company filings. *See* D.C. Code § 29-802.01 et seq.; *see also* D.C. Mun. Regs. tit. 17, § 700 et seq. (2013). More specifically, when documents are being filed with the articles of organization of a limited liability company, such documents are filed with the DCRA. *Id.*

**Fifty Thousand Dollars and 00/100 Cents ($350,000.00) "), (the "Note"),** consisting of a loan to the Makers **for the assignment of Forty-nine percent (49%) of the interest in TBM Holdings** . . . (sic)

(*Id.*).  According to the Note, Ahmad Ayyad and Abu-El-Hawa agreed to pay the Defendant $350,000.00 for a 49% interest in TBM Holdings, LLC.  The Note further provides that it "shall be the joint and several obligation of [Abu-El-Hawa and Ayyad], and shall be binding on them and their successors and assigns." *(Id.)*.[2]

Upon receiving a copy of the Note, on May 21, 2015, Plaintiff caused this Court to issue the Writ to determine whether any amounts remained unpaid on the Note.  (Decl. Ex. E, Writ to Abu-El-Hawa).[3]  The Writ and its accompanying interrogatories were served on garnishee Abu-El-Hawa on June 2, 2015.  (Decl. Ex. G, Aff. of Service).  As the garnishee, Abu-El-Hawa was required within ten days after the service of the Writ to answer the interrogatories under the penalty of perjury, file a copy of the interrogatory answers with the Court, and serve a copy of the same on the Plaintiff and Defendant.  *See* D.C. Code § 16-521 (2001).  Therefore, Abu-El-Hawa's writ interrogatory answers were due on June 12, 2015.  Abu-El-Hawa failed to answer the interrogatories accompanying the Writ and has otherwise failed to provide Plaintiff any evidence that the Note is satisfied.  (Decl. ¶ 18).

In addition to the Writ's interrogatories, counsel for plaintiff has repeatedly requested Abu-El-Hawa to produce evidence of payment on the Note to the Defendant.  Yet, as of the date of this motion, Abu-El-Hawa has failed to produce any evidence of payment to the Defendant.  (Decl. ¶ 19).  Abu-El-Hawa has instead produced copies of three checks, none of which are

---

[2] Abu-El-Hawa and Ayyad are also jointly and severally liable for the Note under the D.C. Code. *See* D.C. Code § 28:3-116 (2001).
[3] Plaintiff also caused to be issued a Writ of Attachment on Judgment Other Than Wages, Salary and Commissions by this Court on May 21, 2015 against Ayyad, the other maker on the Note. (Decl. Ex. F, Writ to Ayyad).  However, Plaintiff has thus far been unsuccessful in its efforts to serve such writ on Ayyad.  (Decl. ¶ 17).

payable to the Defendant or an entity for which he is affiliated.  Two of the checks are made payable to an entity identified as Taylor Construction, and one is made payable to entity identified as Tayelor Construction.  (Decl. ¶ 20).  The two checks to Taylor Construction are in the amount of $32,000.00 and the one check to Tayelor Construction is in the amount of $5,000.00.  (Decl. Ex. H, Check Copies).  All three checks were written in 2015, after Abu-El-Hawa had received notice of the Charging Order.  As a result of the foregoing, Plaintiff's judgment collection efforts have been severely hampered by Abu-El-Hawa's lack of cooperation and failure to respond to the Writ's interrogatories.

## DISCUSSION

Federal Rule of Civil Procedure 69 states, in pertinent part: "The procedure on execution [of a money judgment] — and in proceeding supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent is applies."  Fed. R. Civ. P. 69(a)(1).  Rule 69(a)(2) further provides that "the judgment creditor . . . may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  Accordingly, the District of Columbia Code applies to the instant case in conjunction with the Federal Rules of Civil Procedure.

**I.     Abu-El-Hawa Failed To Respond To The Writ's Interrogatories**

Abu-El-Hawa failed to respond to the Writ's interrogatories and Plaintiff therefore respectfully requests this Court to issue a judgment against him in the amount of $350,000.00.  D.C. Code § 16-526(b) provides: "[w]hen the garnishee has failed to answer interrogatories served on him, or to appear and show cause why a judgment of condemnation should not be entered, judgment shall be entered against him for the whole amount of the plaintiff's claim,

costs, and execution may be had thereon." The complete lack of a response by Abu-El-Hawa to the Writ's interrogatories, and failure to provide Plaintiff evidence that he paid off the Note, despite numerous requests from Plaintiff's counsel, leaves Plaintiff without any course of action other than filing this Motion. Even if Abu-El-Hawa made any payments on the Note after May 6, 2014, when the Charging Order was filed with the DCRA, such payment would be a violation of this Court's Charging Order, which created a lien on Defendant's interest in TBM Holdings, LLC.

A garnishee's refusal or failure to respond to a writ of attachment while holding judgment debtor assets is a failure to comply with discovery. The District of Columbia Court of Appeals has found that a critical factor in awarding default judgment for failure to answer under the D.C. garnishment statute is "whether the garnishee was in fact indebted to the judgment debtor or possessed any property belonging to the debtor" when he failed to answer interrogatories accompanying the writ of attachment. *Wrecking Corp. of Am., Va., Inc. v. Jersey Welding Supply, Inc.,* 463 A.2d 678, 679 (D.C. 1983); *see also Pastor v. Republic Sav. and Loan Ass'n*, 153 A.2d 813, 815 (D.C. 1959). In the present case, Abu-El-Hawa was indebted to the Defendant, pursuant to the Note and has provided no documentation or other competent evidence of any payments to the Defendant. Plaintiff therefore respectfully requests this Court to enter a judgment of against Abu-El-Hawa for the full amount of the Note.

## CONCLUSION

For the foregoing reasons, Biscayne respectfully requests that this Court enter a judgment against Abu-El-Hawa, in accordance with D.C. Code § 526(b), in the amount of $350,000.00, plus interest at the applicable statutory rate from the date of judgment, and any further relief that the Court deems just and proper.

Dated: July 9, 2015          Respectfully submitted,

                                         **AKERMAN LLP**

                                         /s/ John M. Neary
                                         Stephen B. Hurlbut, # 358404
                                         Owen J. Shean, # 412588
                                         John M. Neary, # 1023573
                                         750 9th St., NW, Suite 750
                                         Washington, DC 20001
                                         Phone: (202) 393-6222
                                         Fax: (202) 393-5959
                                         steve.hurlbut@akerman.com
                                         owen.shean@akerman.com
                                         john.neary@akerman.com

                                         *Counsel for Biscayne Contractors, Inc.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July 2015, I electronically filed and served the foregoing document using CM/ECF to all parties of record. I also certify that the foregoing document is being served this day on the following by first-class mail, postage prepaid:

James Redding
3510 Dumphries Drive
Reisterstown, Maryland 21136-4000

Mohammed Abu-El-Hawa
6585 Bermuda Green Court
Alexandria, Virginia 22312

                                    /s/ John M. Neary
                                    John M. Neary